IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD SCOTT**, : | **CIVIL ACTION NO. 1:07-CV-1841** |
| **Plaintiff** : | |
| : | **(Judge Conner)** |
| v. : | |
| : | |
| **JEFF WICKARD, JANELLE** : | |
| **CARBAUGH, SHARON MCGINTY,** : | |
| **VIRGINIA KOSER, GARY I. SHUEY,** : | |
| **and CUMBERLAND COUNTY** : | |
| **CHILDREN AND YOUTH SERVICES,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 3rd day of February, 2009, upon consideration of the report of the magistrate judge (Doc. 23), to which no objections were filed, recommending that defendants' motion for summary judgment (Doc. 13) be granted, and, following an independent review of the record, it appearing that defendants did not violate plaintiff's procedural due process rights because Cumberland County Children and Youth Services ("CCCYS") attempted to notify plaintiff of the October 13, 2005 child dependency hearing via means that a reasonable person "desirous of actually informing" plaintiff thereof would have employed, Jones v. Flowers, 547 U.S. 220, 229 (2006) ("[W]hen notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.") (quoting Mullane v. Cen. Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950)), and that plaintiff has not identified a CCCYS policy or custom of denying notice to a non-custodial parent or conducting an inadequate search for a non-custodial parent prior to a dependency hearing, see Jiminze v. All Am.

Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)),[1] and the court concluding that plaintiff failed to establish a violation of his substantive due process rights because defendants' attempts to locate plaintiff by calling two telephone numbers listed under plaintiff's name in a local telephone directory and on the internet and by mailing a letter to plaintiff's last known address,[2] do not "shock the contemporary conscience" as egregious and outrageous behavior,[3] Kaucher v. County of Bucks, 455 F.3d 418, 425 (3d Cir. 2006)

---

[1] Plaintiff alleges violations under 23 PA. CON. STAT. § 6315(c)(1), which sets forth notice requirements when state authorities place a child in protective custody. Plaintiff has not identified any precedent suggesting that § 6315 supports a private right of action separate from a constitutional due process claim, and the court's independent reasearch has produced none.  Assuming, *arguendo*, that plaintiff may advance a claim for violation of this statute, summary judgment would properly be awarded in defendants' favor for reasons substantially identical to those supporting the disposition of the procedural due process claim.  Moreover, defendants were acting within the scope of their official duties at the time of their alleged misconduct and would be entitled to immunity as a result.  42 PA. CON. STAT. §§ 8541, 8545.

[2] Plaintiff asserts that CCCYS could have located him using the Parent Locator Service established pursuant Title IV-D of the Social Security Act and 23 PA. CON. STAT. 4373(a).  However, defendants do not have access to the Parent Locator Service through the normal course of operations, (Doc. 14, Ex. A, ¶ 17), and the Domestic Relations Office, which has access to the service, does not share this information with defendants, (id. at ¶ 16).  Hence, their failure to utilize a service to which they lacked access cannot constitute a violation of plaintiff's procedural due process rights.

[3] Defendants alternatively move for summary judgment on qualified immunity grounds.  Qualified immunity protects a state actor who has committed constitutional violations if the plaintiff's rights were not "clearly established" when the individual acted.  Pearson v. Callahan, No. 07-751, 2009 WL 128768, at *4 (U.S. 2009).  The state actor is amenable to suit only if a reasonable person would have known that the state actor's conduct infringed the plaintiff's constitutional rights. Id.; see also Curley v. Klem, 499 F.3d 199, 207 (3d Cir. 2007).  No liability will attach

(noting that in evaluating a due process challenge to executive action "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."),[4] it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 23) is ADOPTED.

2. Defendants' motion for summary judgment (Doc. 13) is GRANTED.

3. The Clerk of Court is instructed to enter JUDGMENT in favor of defendants and against plaintiff on all claims.

4. The Clerk of Court is instructed to CLOSE this case.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

if a reasonable state actor could have believed that the challenged conduct was lawful. Springer v. Henry, 435 F.3d 268, 280 (3d Cir. 2006) ("[T]he court should ask whether the [official] acted reasonably under settled law in the circumstances.") (quoting Hunter v. Bryant, 502 U.S. 224, 228 (1991) (second alteration in original)). In this case, a reasonable person would have believed that attempting to locate plaintiff's whereabouts through use of a telephone directory and the internet prior to the dependency hearing were steps that one "desirous of actually informing" the person would reasonably employ to effect notice. See Jones v. Flowers, 547 U.S. 220, 229 (2006). Therefore, qualified immunity provides an appropriate alternative disposition for plaintiff's claims.

[4] The plaintiff also contends that defendants violated his Sixth Amendment right to counsel. The Sixth Amendment states that "[i]n all *criminal* prosecutions, the *accused* shall . . . have the assistance of counsel for his defense." U.S. CONST. amend. VI (emphasis added). A dependency hearing is not a criminal prosecution. Therefore, the Sixth Amendment is inapplicable to this case, and defendants are entitled to summary judgment on plaintiff's Sixth Amendment claim. Rothgery v. Gillespie County, Tex., 128 S. Ct. 2578, 2583 (2008) ("The Sixth Amendment right of the accused to assistance of counsel in all criminal prosecutions is limited by its terms: it does not attach until a prosecution is commenced."(internal quotation omitted)).